IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ARMANDO ARMENDARIZ, | § | |
| YVETTE ARMENDARIZ, and | § | |
| HECTOR ARMENDARIZ, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-cv-00451 |
| | § | |
| DAVID CHOWAIKI, HILEL CHOWAIKI, | § | |
| LEON ERNEST GLUCK, GENECO, LLC, | § | |
| COREY HAUGLAND,  JAMES & | § | |
| HAUGLAND, P.C., DHC REALTY, LLC, | § | |
| CHOWAIKI HOLDINGS, LLC, BASIC | § | |
| SPORTS APPAREL, INC., EL PASO DHC | § | |
| ENTERPRISES, LLC, EL PASO DHC | § | |
| ENTERPRISES FAR EAST, LLC, EL PASO | § | |
| DHC ENTERPRISES WEST, LLC, DHC | § | |
| GENPAR, LLC, and DHC RALNER, LLC, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S ORIGINAL COMPLAINT**

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT & AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

       ISSUE ONE: Plaintiffs' Complaint Should Be Dismissed For
       Failure to Provide a Short and Plain Statement of Plaintiffs' Claims . . . . . . . . . . . . . . 2

       A.     Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

       B.     Plaintiffs' Complaint Is a Repetitive and Redundant List of
              Causes Of Action, Their Elements, and Legal Conclusions
              with No Attempt To Segregate Claims Against Specific
              Defendants or to Tie Specific Allegations to Specific Claims . . . . . . . . . . . . . . 4

       ISSUE TWO: In the Alternative, Plaintiffs' RICO Claim Should
       Be Dismissed for Failure to State a Claim Upon Which Relief May
       Be Granted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

       A.     Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

       B.     Plaintiffs' Complaint Fails to Allege the Prerequisites of a
              Claim under 18 U.S.C. §1962 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

              1.     Plaintiffs' Complaint Does Not Sufficiently Allege
                     the Existence of a RICO Enterprise . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

              2.     Plaintiffs' Complaint Does Not Sufficiently
                     Allege a "Pattern of Racketeering Activity" . . . . . . . . . . . . . . . . . . . . . 9

       C.     Plaintiffs Failed to Plead Sufficient Facts to Demonstrate
              the Violation of Any Individual RICO Subsection . . . . . . . . . . . . . . . . . . . . . . 10

              18 U.S.C. §1962(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

              18 U.S.C. §1962(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18 U.S.C. §1962(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

18 U.S.C. §1962(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

ISSUE THREE: The Court Should Dismiss Plaintiffs' Remaining
State Court Causes of Action for Lack of Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . 13

A.  Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

B.  The Court Should Decline to Exercise Supplemental Jurisdiction . . . . . . . . . . 13

ISSUE FOUR: In the Alternative, Plaintiffs' State Court Causes of
Action Should Be Dismissed for Failure to State Claims Upon Which
Relief May Be Granted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

A.  Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

B.  Plaintiffs' Complaint Fails to Sufficiently Allege the State
Law Causes of Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

C.  Malicious Prosecution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

D.  Quantum Meruit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

E.  Conversion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

F.  Fraud by Nondisclosure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

G.  Fraud in a Real Estate Transaction . . . . . . . . . . . . . . . . . . . . . . . . . . 17

H.  Negligence, Gross Negligence, Breach of Fiduciary Duty,
and Breach of Duty of Good Faith and Fair Dealing . . . . . . . . . . . . . . . . . . 18

I.  Defamation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

# TABLE OF AUTHORITIES

## *Federal Cases*

*50-Off Stores, Inc. v. Banque PARIBAS (Suisse) S.A,*
1997 WL 790739 (W.D. Tex. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Abdelsamed v. United States,*
13 Fed. Appx. 883 (10th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Abraham v. Singh,*
480 F.3d 351 (5th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Am. Millworks v. Mellon Bank Corp.,*
1991 WL 112015 (E.D. La. June 13, 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Ameen v. Merck & Co.,*
226 F. App'x 363 (5th Cir.2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6

*Benner v. Philadelphia Musical Society, Local 77 of the American
Federation of Musicians,*
32 F.R.D. 197 (E.D. Penn. 1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Blanchard & Co., Inc. v. Contursi,*
2000 WL 574590 (E.D. La. May 11, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Brown v. Knoxville News-Sentinel,*
41 F.R.D. 283 (E.D. Tenn. 1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re Burzynski,*
989 F.2d 733 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9

*Carrigan v. California State Legislature,*
263 F.2d 560 (9th Cir. 1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Crowe v. Henry,*
43 F.3d 198 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

*Edwards v. A.H. Cornell & Son, Inc.*,
    610 F.3d 217 (3rd Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Florance v. Buchmeyer*,
    500 F. Supp. 2d 618 (N.D. Tex. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Fowler v. U.S. Bank, Nat. Ass'n*,
    2014 WL 850527 (S.D. Tex. Mar. 4, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16-17

*Garrett v. Celanese Corp.*,
    2003 WL 22234917 (N.D.Tex. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Gordon v. Green*,
    602 F.2d 743 (5th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Goren v. New Vision Int'l, Inc.*,
    156 F.3d 721 (7th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hartz v. Friedman*,
    919 F.2d 469 (7th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Hernandez v. Wal-Mart Associates, Inc.*,
    2006 WL 2883080 (W.D. Tex. Sept. 19, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Jackson v. Dallas Indep. Sch. Dist.*,
    1998 WL 386158 (N.D. Tex. July 2, 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Kuehl v. F.D.I.C.*,
    8 F.3d 905 (1st Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Manax v. McNamara*,
    842 F.2d 808 (5th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 12

*Martin v. Hunt*,
    29 F.R.D. 14 (D. Mass. 1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*,
    369 F.3d 464 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Mastercard Int'l Inc.*,
    132 F. Supp. 2d 468 (E.D. La. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*McLean v. Int'l Harvester Co.*,
    817 F.2d 1214 (5th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Mitchell Energy Corp. v. Samson Res. Co.*,
    80 F.3d 976 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Nelson v. Lowes Home Centers, Inc.*,
    2012 WL 3731092 (N.D. Tex. August 29, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Osahar v. U.S. Postal Serv.*,
    297 Fed. Appx. 863 (11th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Roberto's Fruit Mkt., Inc. v. Schaffer*,
    13 F. Supp. 2d 390 (E.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Shabtai v. Levande*,
    38 Fed. Appx. 684 (2nd Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Simmons v. Abruzzo*,
    49 F.3d 83 (2nd Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Snapt Inc. v. Ellipse Commc'n Inc.*,
    430 F. App'x 346 (5th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*St. Paul Mercury Ins. Co. v. Williamson*,
    224 F.3d 425 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Trevino v. Pechero*,
    592 F. Supp. 2d 939 (S.D. Tex. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Whelan v. Winchester Prod. Co.*,
    319 F.3d 225 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Wood v. Incorporated Village of Patchogue of New York*,
    311 F.Supp.2d 344 (E.D. N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

### *Texas State Cases*

*Baskin v. Mortgage & Trust, Inc.*,
    837 S.W.2d 743 (Tex.App.–Houston 1992, *writ denied*) . . . . . . . . . . . . . . . . . . . . . . 18

*BP Am. Prod. Co. v. Marshall*,
    288 S.W.3d 430 (Tex.App.–San Antonio 2008),
    *rev'd on other grounds*, 342 S.W.3d 59 (Tex. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*City of Midland v. O'Bryant*,
    18 S.W.3d 209 (Tex. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Cristobal v. Allen*,
    2010 WL 2873502 (Tex.App.–Hous. [1st Dist.] July 22, 2010, *no pet.*) . . . . . . . . . . . . 16

*Dallas Indep. Sch. Dist. v. Finlan*,
    27 S.W.3d 220 (Tex.App.–Dallas 2000, *pet denied*) . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Daystar Residential, Inc. v. Collmer*,
    176 S.W.3d 24 (Tex. App.–Houston [1st Dist.] 2004, *writ denied*) . . . . . . . . . . . . . . . . 19

*Hardwick v. Houston Lighting & Power Co.*,
    881 S.W.2d 195 (Tex. App.–Corpus Christi 1994, *writ dism'd w.o.j.*) . . . . . . . . . . 19-20

*Heldenfels Bros., Inc. v. City of Corpus Christi*,
    832 S.W.2d 39 (Tex. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Hill v. Herald-Post Publ'g Co., Inc.*,
    877 S.W.2d 774 (Tex.App.–El Paso 1994),
    *rev'd in part on other grounds*, 891 S.W.2d 638 (Tex.1994) . . . . . . . . . . . . . . . . . . . . . 19

*James v. Brown*,
    637 S.W.2d 914 (Tex.1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*KT Bolt Mfg. Co. v. Texas Elec. Cooperatives, Inc.*,
    837 S.W.2d 273 (Tex. App.–Beaumont 1992, *writ denied*) . . . . . . . . . . . . . . . . . . . . . . 15

*La Sara Grain Co. v. First Nat'l Bank*,
    673 S.W.2d 558 (Tex.1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Nabors Drilling, U.S.A., Inc. v. Escoto*,
    288 S.W.3d 401 (Tex. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Nolan v. Bettis*,
    577 S.W.2d 551 (Tex.Civ.App.–Austin 1979, *writ ref'd n.r.e.*) . . . . . . . . . . . . . . . . . . . 18

*Priddy v. Rawson*,
    282 S.W.3d 588 (Tex.App.–Houston[14th Dist.] 2009, *pet denied*) . . . . . . . . . . . . . . . 18

*Reagan v. Guardian Life Ins. Co.*,
    166 S.W.2d 909 (1942) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Texas Beef Cattle Co. v. Green*,
    921 S.W.2d 203 (Tex. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Vortt Exploration Co. v. Chevron U.S.A., Inc.*,
    787 S.W.2d 942 (Tex.1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

### Federal Statutes and Rules

18 U.S.C. § 1961 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

18 U.S.C. §1962 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

28 U.S.C. § 1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

28 U.S.C. § 1367 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

Fed. R. Civ. P. 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Fed. R. Civ. P. 41 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

### Texas Statutes

TEX. CIV. PRAC. & REM. CODE §16.002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

TEXAS LABOR CODE § 301.074 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

### Other Authorities

5 Charles Alan Wright & Arthur R. Miller,
    Federal Practice & Procedure § 1281 (3d ed. 2012) . . . . . . . . . . . . . . . . . . . . . . . 3

5 Charles A. Wright & Arthur R. Miller,
    Federal Practice and Procedure §1309 (2d ed.1990) . . . . . . . . . . . . . . . . . . . . . . 20

## <u>STATEMENT OF ISSUES</u>

ISSUE ONE:         Plaintiffs' Complaint Should Be Dismissed For Failure to Provide a Short and Plain Statement of Plaintiffs' Claims.

ISSUE TWO:         In the Alternative, Plaintiffs' RICO Claim Should Be Dismissed for Failure to State a Claim Upon Which Relief May Be Granted.

ISSUE THREE:      The Court Should Dismiss Plaintiffs' Remaining State Court Causes of Action for Lack of Jurisdiction.

ISSUE FOUR:        In the Alternative, Plaintiffs' State Court Causes of Action Should Be Dismissed for Failure to State Claims Upon Which Relief May Be Granted.

**FACTUAL BACKGROUND**

On or about May 23, 2011, DHC Realty, LLC ("DHC Realty") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the Western District of Texas, El Paso Division.

On or about May 23, 2012, DHC Realty, Chowaiki Holdings, LLC, El Paso DHC Enterprises, LLC, El Paso DHC Enterprises Far East, LLC, El Paso DHC Enterprises West LLC, and David Chowaiki (hereinafter the "Adversary Plaintiffs") filed an adversary proceeding against Armando Armendariz, Yvette Armendariz, and Hector Armendariz (hereianfter the "Armendariz Parties") in the United States Bankruptcy Court for the Western District of Texas, El Paso Division (hereinafter the Adversary Proceeding) asserting causes of action for the avoidance of fraudulent transfer, avoidance of post-petition transfers, violation of the Texas Theft Liability Act, money had and received, conversion, breach of fiduciary duty, fraud, fraud by non-disclosure, tortious interference with prospective relations, conspiracy and declaratory judgment.

On or about October 29, 2012, Armando Armendariz and Yvette Armendariz filed a Counterclaim in the Adversary Proceeding against DHC Realty, LLC, Chowaiki Holdings, LLC, El Paso DHC Enterprises, LLC, El Paso DHC Enterprises Far East, LLC, El Paso DHC Enterprises West LLC, David Chowaiki and Hilel Chowaiki for breach of contract, quantum meruit, fraud, defamation, unpaid wages, and tortious interference.

On or about February 20, 2013, the Bankruptcy Court dismissed all the counterclaims of Armando Armendariz and Yvette Armendariz in the Adversary Proceeding for failure to state a claim except for Yvette's claim against David Chowaiki for breach of contract.  On that same day, the Bankruptcy Court dismissed DHC Realty's claims for the avoidance of fraudulent transfers and

post-petition transfers.

On or about October 9, 2014, the Bankruptcy Court dismissed the remaining claims in the Adversary Proceeding for lack of subject matter jurisdiction.

On December 8, 2014, Plaintiffs filed their Original Complaint in this case against the Defendants. The Complaint was 66 pages in length, consisting of over 150 paragraphs. In the Complaint, the Plaintiffs asserted at least 28 separate causes of action, 18 of which are state law claims. The remaining claims, by which Plaintiffs invoked this Court's jurisdiction on the basis of a federal question, are counts under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Specifically, Plaintiffs' cause of action under the RICO statute consists of alleged violations of 18 U.S.C. § 152 (bankruptcy fraud); 18 U.S.C. § 1341 (mail fraud); 18 U.S.C. § 1343 (wire fraud); 18 U.S.C. § 1503 (obstruction of justice); 18 U.S.C. § 1952 (racketeering); 18 U.S.C. § 1957 (engaging in monetary transaction in property derived from unlawful activity); 18 U.S.C. § 1960 (illegal money transfers); and 18 U.S.C. §§ 2314, 2315 (interstate transportation of stolen property).

## ARGUMENT & AUTHORITIES

### ISSUE ONE: Plaintiffs' Complaint Should Be Dismissed For Failure to Provide a Short and Plain Statement of Plaintiffs' Claims.

#### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The underlying purpose of Rule 8 is "to eliminate prolixity in pleading and to achieve brevity, simplicity, and clarity." *Gordon v. Green*, 602 F.2d 743, 746 (5th Cir. 1979). "Unnecessary

prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1281, at 522 (3d ed. 2012).  When a complaint fails to comply with the requirements of Rule 8, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial.  *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).

The Fifth Circuit has held that flagrant violations of Rule 8 are not to be tolerated and may result in dismissal.  *See Gordon*, 602 F.2d at 746 (finding that a 4,000 page complaint violates Rule 8 as a matter of law).  Although the *Gordon* case involved a 4,000 page complaint, the Fifth Circuit demonstrates that a complaint need not be numbered in the hundreds or thousands of pages in order to be subject to dismissal by citing a number of other cases in which complaints ranging from 26 to 186  pages were dismissed.  *Id.*[1]  A review of the caselaw establishes that complaints similar in volume to that filed by the Plaintiffs are routinely dismissed as prolix.[2]

---

[1]  *Citing Carrigan v. California State Legislature*, 263 F.2d 560 (9th Cir. 1959)(186 pages); *Brown v. Knoxville News-Sentinel*, 41 F.R.D. 283 (E.D.Tenn. 1966)(117 pages); *Benner v. Philadelphia Musical Society, Local 77 of the American Federation of Musicians*, 32 F.R.D. 197 (E.D.Penn. 1963)(26 pages); *Martin v. Hunt*, 29 F.R.D. 14 (D.Mass. 1961)(57 paragraphs).

[2]  *Kuehl v. F.D.I.C.*, 8 F.3d 905, 906 (1st Cir. 1993)(affirming dismissal of 43 page, 358 paragraph complaint alleging 30 causes of action as excessive); *Shabtai v. Levande*, 38 Fed. Appx. 684, 685 (2nd Cir. 2002)(affirming dismissal of 140 single-spaced page complaint as placing an unjustified burden on the court and on the party that must respond); *Hartz v. Friedman*, 919 F.2d 469, 471 (7th Cir. 1990)(125 page civil RICO complaint was egregious violation of procedural requirement that complaint set forth a short and plain statement of claim); *Abdelsamed v. United States*, 13 Fed. Appx. 883, 884 (10th Cir. 2001)(neither 151-page original complaint nor 76-page amended complaint were "short and plain"); *Osahar v. U.S. Postal Serv.*, 297 Fed. Appx. 863, 864 (11th Cir. 2008)(62 page complaint neither short nor plain); *Roberto's Fruit Mkt., Inc. v. Schaffer*, 13 F. Supp. 2d 390, 396 (E.D.N.Y. 1998)(dismissing complaint that ran 108 pages and 385 paragraphs).

### B.  Plaintiffs' Complaint Is a Repetitive and Redundant List of Causes Of Action, Their Elements, and Legal Conclusions with No Attempt To Segregate Claims Against Specific Defendants or to Tie Specific Allegations to Specific Claims

In this case, Plaintiffs' Complaint consists of more than 150 paragraphs over 66 pages and alleges at least 28 causes of action against some or all of the Defendants.  Much of the 150 paragraphs are redundant and contain irrelevant verbiage.  For example, each and every paragraph between 106-123 lists the elements of the alleged cause of action and then makes the same conclusory allegation that the elements are:

> . . . part of said Defendants' fraudulent scheme, whereby said Defendants knowingly, willfully and intentionally violated the Bankruptcy Code, maliciously prosecuted Plaintiffs, filed false and fraudulent complaints, motions, responses, lis pendens, and other legal documents, against Plaintiffs, withheld wages due Plaintiffs, violated an agreement to repay a loan made by Plaintiffs to Defendants, and publicly and privately defamed Plaintiffs, all of which actions and inactions of said Defendants proximately caused severe emotional, physical, and financial injury and damage to Plaintiffs.

This is an unjustified burden on both the Defendants and the Court, not only because of the prolixity of the pleading, but also because the Plaintiffs' allegations never identify which, if any Defendant, committed the alleged act or what act the Defendant is alleged to have committed.

Moreover, even if the redundancies were eliminated, Plaintiffs' Complaint merely recites the elements of the causes of action and provides no specific information about Plaintiffs' claims.  For example, Paragraph 116 of the Complaint alleges:

> **Action for Fraud in a Real Estate Transaction.** In the alternative, and in addition to the foregoing count(s), Plaintiffs re-allege and incorporate herein all of the above paragraphs, the same as if fully set forth verbatim, and file this Action for Fraud in a Real Estate Transaction, pursuant to Texas Business & Commerce Code Chapter 27, "Fraud", on the basis that Defendants committed fraud in connection with real estate transaction(s), by knowingly filing false and fraudulent complaints, motions, responses, lis pendens, and other legal documents, against the Real Property of

Plaintiffs, not at issue in a legal proceeding, as part of said Defendants' fraudulent scheme, whereby said Defendants knowingly, willfully and intentionally violated the Bankruptcy Code, maliciously prosecuted Plaintiffs, filed false and fraudulent complaints, motions, responses, lis pendens, and other legal documents, against Plaintiffs, withheld wages due Plaintiffs, violated an agreement to repay a loan made by Plaintiffs to Defendants, and publicly and privately defamed Plaintiffs, all of which actions and inactions of said Defendants proximately caused severe emotional, physical, and financial injury and damage to Plaintiffs.

Plaintiffs do not identify any specific Defendant, any specific piece of real property, any specific sale of real property, any specific statements of fraud, or any damages caused by the alleged fraud. Requiring the Defendants to respond to this allegation stretches the bounds of fairness and justice. Requiring the Defendants to respond to over 150 other similarly opaque paragraphs stretches the bounds of logic. It is manifestly unfair to require the Defendants to prepare and file what will likely be a 50+ page answer admitting or denying the allegations in Plaintiffs' Complaint.

Moreover, although there are a number of blanket statements inclusive of all Plaintiffs and all Defendants, the Plaintiffs' Complaint is wholly lacking a short and concise statement which establishes the factual basis for any claim by Hector Armendariz or any claim against Basic Sports Apparel, Inc., Geneco, LLC, DHC Genpar, LLC or DHC Ralner, LLC.

The Court should dismiss Plaintiffs' Complaint for failure to provide a short and plain statement of the claim showing that the Plaintiffs are entitled to relief.

**ISSUE TWO: In the Alternative, Plaintiffs' RICO Claim Should Be Dismissed for Failure to State a Claim Upon Which Relief May Be Granted.**

*A. Legal Standard*

A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint does not provide fair notice of the claim and does not state factual allegations showing that the right to relief is plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 & n.3 (2007).   In ruling on a Rule 12(b)(6) motion, courts accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004).

In determining whether a claim survives a Rule 12(b)(6) motion, courts engage in a two-step analysis.  *See Iqbal*, 556 U.S. at 679; *see also Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217, 219 (3rd Cir. 2010).  First, the court must separate assertions of fact from legal conclusions. *See Edwards*, 610 F.3d at 219. "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Next, courts must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief."  *Edwards*, 610 F.3d at 219 (internal quotations omitted).   Whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### B.  Plaintiffs' Complaint Fails to Allege the Prerequisites of a Claim under 18 U.S.C. §1962

In the simplest terms possible, a RICO claim under 18 U.S.C. §1962 provides that: "(a) a person who has received income from a pattern of racketeering activity cannot invest that income in an enterprise; (b) a person cannot acquire or maintain an interest in an enterprise through a pattern of racketeering activity; (c) a person who is employed by or associated with an enterprise cannot conduct the affairs of the enterprise through a pattern of racketeering activity; and (d) a person cannot conspire to violate subsections (a), (b), or (c)." *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir.

1995); *see* 18 U.S.C. §1962(a)-(d).  Common among all the subsections, a plaintiff must allege three prerequisites: "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *In re Burzynski*, 989 F.2d 733, 741 (5th Cir. 1993).  In this case, Plaintiffs failed to plead facts sufficient to establish either the second or third prerequisite for a RICO claim.

### 1. Plaintiffs' Complaint Does Not Sufficiently Allege the Existence of a RICO Enterprise

"A plaintiff asserting a RICO claim must allege the existence of an enterprise." *Crowe*, 43 F.3d at 204.  "A RICO enterprise can be either a legal entity or an association-in-fact." *Id.*  In this case, Plaintiffs merely make the conclusory statement that all of the Defendants "constitute an enterprise as that term is defined in 18 U.S.C. §1961." *Plaintiffs' Complaint*, ¶124.  This is not sufficient to plead the existence of a RICO enterprise.

"To establish an association-in-fact enterprise, a plaintiff must show evidence of an ongoing organization, formal or informal, and . . . evidence that the various associates function as a continuing unit." *Id.* at 205. (citations omitted).  "This formulation of an association-in-fact enterprise incorporates the notion of continuity." *Id.*  Accordingly, the Fifth Circuit has determined that an "association-in-fact enterprise 1) must have an existence separate and apart from the pattern of racketeering, 2) must be an ongoing organization and 3) its members must function as a continuing unit as shown by a hierarchical or consensual decision making structure." *Id.* Additionally, the Fifth Circuit has made clear that a plaintiff must "plead specific facts, not mere conclusory allegations which establish the enterprise." *Manax v. McNamara*, 842 F.2d 808, 811 (5th Cir. 1988).  The plaintiff in a civil RICO action, moreover, "must plead the specified facts as to each

defendant." *In re Mastercard Int'l Inc.*, 132 F. Supp. 2d 468, 476 (E.D. La. 2001).  A plaintiff "cannot avoid Rule 12(b)(6) by 'lumping together the defendants.'" *Id.* (quoting *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 730 (7th Cir. 1988)).

In this case, Plaintiffs do not allege or plead any facts to establish the existence of the alleged enterprise apart from the pattern of racketeering in which the Defendants are alleged to have engaged.[3]  Plaintiffs do not allege or plead any facts to establish that the alleged enterprise is an ongoing organization.  Plaintiffs do not allege or plead any facts to show that the Defendants function as a continuing unit or that there is any hierarchical or consensual decision making structure.  No facts are alleged from which the Court may infer that the alleged enterprise is an ongoing organization or that its existence can be defined by anything other than the alleged predicate acts that form the basis of Plaintiffs' RICO claims.

More fundamentally, there are no allegations in the complaint concerning any Defendant's role in this "enterprise."  Plaintiffs lump together all of the Defendants as one vague "enterprise" and fail to not only plead specific facts against *each* Defendant, but fail to plead specific facts against *any* Defendant.  Indeed, Plaintiffs fail to include a single fact indicating how the "enterprise" was organized and whether one of the Defendants acted as a leader or whether the Defendants acted together in allegedly engaging in a pattern of racketeering.  Both continuity and the existence of a RICO enterprise are completely lacking from Plaintiffs' allegations and Plaintiffs' RICO cause of action must be dismissed.  *See, e.g., Burzynski*, 989 F.2d 744.

---

[3] Indeed, Plaintiffs could not do so as the alleged enterprise includes the Chowaikis, their businesses, the bankruptcy counsel of the DHC entities (Corey W. Haugland and James & Haugland, P.C.), and the expert witness of the DHC entities in the adversary (Ernie Gluck & Geneco, LLC). Their only connection is the Bankruptcy case.

## 2. Plaintiffs' Complaint Does Not Sufficiently
## Allege a "Pattern of Racketeering Activity"

In order to plead a pattern of racketeering activity, a RICO claimant must show two components: (1) predicate acts, the requisite predicate activity, and (2) a pattern of such acts. *Trevino v. Pechero*, 592 F. Supp. 2d 939, 945 (S.D. Tex. 2008)(*citing In re Burzynski*, 989 F.2d at 742. The RICO statute proscribes various categories of predicate acts that may constitute racketeering activity. *Id.* (*citing* 18 U.S.C. § 1961(1)). In this case, Plaintiffs have alleged that Defendants have engaged in the following predicate acts of racketeering: 18 U.S.C. § 152 (bankruptcy fraud); 18 U.S.C. § 1341 (mail fraud); 18 U.S.C. § 1343 (wire fraud); 18 U.S.C. § 1503 (obstruction of justice); 18 U.S.C. § 1952 (racketeering); 18 U.S.C. § 1957 (engaging in monetary transaction in property derived from unlawful activity); 18 U.S.C. § 1960 (illegal money transfers); and 18 U.S.C. §§ 2314, 2315 (interstate transportation of stolen property) (hereinafter collectively referred to as the "predicate acts."

Plaintiffs' allegations, however, merely recite elements and legal conclusions and Plaintiffs wholly fail to plead specific facts against any specific Defendant. For example, with regard to mail fraud, Plaintiffs merely allege that "Defendants used or caused to be used the mails of the United States, by placing in a post office or authorized depository for mail, a mail or whatever to be sent or delivered by the Postal Service, certain letters, bills, invoices, statements of accounts, assessments, liens and other documents related to the fraudulent activities of said Defendants, as part of said Defendants' Scheme." *Plaintiffs' Complaint*, ¶ 127. The Complaint is wholly devoid of any facts related to what was mailed, who mailed it, who it was mailed to, how it was fraudulent, or how what was mailed caused injury to any of the Plaintiffs. Plaintiffs' allegations regarding bankruptcy fraud,

wire fraud, obstruction of justice, racketeering, engaging in monetary transaction in property derived from unlawful activity, illegal money transfers, and interstate transportation of stolen property are similarly vague and infirm.  There are no facts plead to show either the commission of any predicate acts or a pattern thereof.  Plaintiffs' Complaint is the very definition of "threadbare recitals of the elements of a cause of action, supported by conclusory statements" and their claims for violation of the RICO statute must be dismissed.

### C.  Plaintiffs Failed to Plead Sufficient Facts to Demonstrate the Violation of Any Individual RICO Subsection

Plaintiffs fail to allege which, if any, of the RICO subsections the Defendants violated.  On this ground alone, their Complaint fails to state a claim.  Regardless, Plaintiffs have failed to plead facts to support a claim under any RICO Subsection.

**18 U.S.C. §1962(a)**.  As stated above, §1962(a) makes it unlawful for one who has engaged in a pattern of racketeering to invest the income derived from that activity in any enterprise affecting interstate or foreign commerce. 18 U.S.C. § 1962(a).  To prove a violation of § 1962(a), the plaintiff must establish (1) the existence of an enterprise, (2) the defendant's derivation of income from a pattern of racketeering activity, and (3) the use of any part of that income in operating the enterprise. *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 441 (5th Cir. 2000); *see also Abraham v. Singh*, 480 F.3d 351, 356 (5th Cir. 2007).  A violation of § 1962(a) hinges on the third element---whether plaintiffs successfully allege an "investment injury."  Injuries due to predicate acts cannot form the basis of an investment injury for purposes of § 1962(a). *St. Paul Mercury*, 224 F.3d at 443.

In this case, Plaintiffs fail to allege facts to support any element of its cause of action.  As set

forth above, Plaintiffs did not sufficiently allege the existence of an enterprise.  Similarly, the Plaintiffs failed to allege the derivation of income from a pattern of racketeering activity, and Plaintiffs failed to allege the use of any part of that income in operating the enterprise.  Plaintiffs cannot and did not allege the existence of, or any facts to support, an investment injury against the Defendants.  Plaintiffs failed to raise a violation of Section 1962(a).

**18 U.S.C. §1962(b)**.  Section 1962(b) provides that a person cannot acquire or maintain an interest in an enterprise through unlawful debt collection. 18 U.S.C. §1962(b).  Plaintiffs must show that their injuries were proximately caused by a RICO person gaining an interest in, or control of, the enterprise through a pattern of racketeering activity.  *Abraham, supra*, 480 F.3d at 357 (internal citations and quotations omitted). Section 1962(b)'s "acquisition requirement" necessitates that "the plaintiff's alleged injury be caused by the alleged RICO defendants acquiring or maintaining an interest or control in the alleged enterprise. The injury caused by the acquisition or maintenance must be distinct from the injury caused by the predicate acts under Section 1962(b)." *Blanchard & Co., Inc. v. Contursi*, 2000 WL 574590, *2 (E.D.La. May 11, 2000).  "The gravamen of a § 1962(b) violation is that, through a pattern of racketeering, the defendant acquires or maintains an interest in or control of an enterprise; therefore, ... a civil RICO claim alleging a violation of § 1962(b) must allege an injury resulting from the acquisition or maintenance of an interest in or control of the enterprise." *Am. Millworks v. Mellon Bank Corp.*, 1991 WL 112015, *3 (E.D.La. June 13, 1991). As noted above, the purpose of Section 1962(b) is "to prohibit the takeover of a legitimate business through racketeering, typically extortion or loansharking."  *Wood v. Incorporated Village of Patchogue of New York*, 311 F.Supp.2d 344, 356 (E.D.N.Y.2004).

In this case, Plaintiffs have failed to allege any injury caused as a result of the Defendants

acquisition or maintenance of an interest or control in the alleged enterprise. To the extent Plaintiffs' Complaint can be read to contain any allegations of injury, such injury is limited to that caused by the alleged predicate acts. Plaintiffs do not allege that it was the acquisition or maintenance itself that caused an injury to them. As such, Plaintiffs have failed to raise a violation of Section 1962(b).

**18 U.S.C. §1962(c).** Section 1962(c) makes it unlawful for a person employed by or associated with an enterprise to conduct the affairs of the enterprise through a pattern of racketeering activity. 18 U.S.C. § 1962(c). For a Section 1962(c) violation, "the plaintiff must demonstrate not only that the enterprise is distinct from the series of predicate acts constituting racketeering activity, but also that the RICO "person" who commits the predicate acts is distinct from the enterprise." *Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 229 (5th Cir. 2003).

In this case, the Plaintiffs failed to allege the existence of an enterprise distinct from the series of predicate acts constituting racketeering activity. Additionally, Plaintiffs failed to allege that any Defendant, distinct from the enterprise, committed any predicate act. Finally, Plaintiffs failed to allege that any of the Defendants conducted the affairs of any enterprise. Thus, Plaintiffs have failed to raise a violation of Section 1962(c).

**18 U.S.C. §1962(d)**. Finally, Section 1962(d ) makes it unlawful for a person to conspire to violate subsections (a), (b), or (c). 18 U.S.C. §1962(d). "A RICO conspiracy, of course, requires the existence of a RICO enterprise." *Manax*, 842 F.2d at 812. While Plaintiffs have pleaded the conclusory allegation that the Defendants "conspired" to commit every alleged act, no facts are alleged implying any agreement on the part of any specific party to commit any of the predicate acts. The Plaintiffs failed to allege facts sufficient to establish a RICO enterprise and also failed to allege a violation of subsection (a), (b), or (c). Absent any such well-pleaded facts, the RICO conspiracy

claim must be dismissed for failure to state a claim.

**ISSUE THREE: The Court Should Dismiss Plaintiffs' Remaining State Court Causes of Action for Lack of Jurisdiction.**

### A.  Legal Standard

A district court has original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and where the parties' citizenship is completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Moreover, a district court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  Nevertheless, a district court may decline to exercise its supplemental jurisdiction over state law claims of non-diverse parties if the court has dismissed claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The decision to retain supplemental jurisdiction in the latter situation is within the sound discretion of the district court. *See Snapt Inc. v. Ellipse Commc'n Inc.*, 430 F. App'x 346, 350 (5th Cir. 2011).  In determining whether to decline to exercise supplemental jurisdiction, a court should consider whether the claim raises a novel or complex issue of state law, whether the state law claim predominates, whether the district court has dismissed all of the claims over which it had original jurisdiction, and, in exceptional circumstances, whether there are other compelling reasons for declining jurisdiction as well as common law considerations judicial economy, convenience, fairness, and comity. *Id.*  No single factor is dispositive. *Id.*

### B.  The Court Should Decline to Exercise Supplemental Jurisdiction

Plaintiffs' RICO claim is the only federal law claim that Plaintiffs assert against the

Defendants.[4] All of the parties to this suit are Texas residents.  With no federal question remaining, and the lack of complete diversity between the Plaintiffs and Defendants, the only basis for the Court to exercise jurisdiction over the state law claims is the Court's supplemental jurisdiction. The Court should decline to exercise supplemental jurisdiction over Plaintiffs' state court claims because the Plaintiffs do not raise novel or complex issues of state law.  Moreover, there are  no compelling reasons to retain jurisdiction. The case is early enough in proceedings that Plaintiffs would not be prejudiced and declining jurisdiction over the state law claims serves the interest of judicial economy. The Court should decline to exercise supplemental jurisdiction over the Plaintiff's state law causes of action pursuant to 28 U.S.C. § 1367(c)(3), and should dismiss the state law claims against Defendants for lack of subject-matter jurisdiction.

> **ISSUE FOUR: In the Alternative, Plaintiff's State Court Causes of Action Should Be Dismissed for Failure to State Claims Upon Which Relief May Be Granted.**

### A.  Legal Standard

The legal standard for a motion to dismiss under Federal Rule 12(b)(6) is set forth above.

### B.  Plaintiffs' Complaint Fails to Sufficiently Allege the State Law Causes of Action

In their Complaint, Plaintiffs allege a litany of state law causes of action against all of the Defendants as a group, including malicious civil prosecution, action on an oral agreement and debt, breach of contract, quantum meruit, money had and received, promissory estoppel, conversion, fraud, fraud by non-disclosure, theft, fraud in a real estate transaction, fraudulent lien, negligence, breach

---

[4]Although Plaintiffs' allege that each of the predicate acts under RICO are causes of action, each predicate act is asserted under the Racketeer Influenced & Corrupt Organizations Act.  See Plaintiffs' Original Complaint, page 48. In any case, all of the allegations regarding the predicate acts are merely threadbare recitals of the elements of a cause of action supported by conclusory statements and should be dismissed to the extent they attempt to allege independent causes of action.

of fiduciary duty, breach of duty of good faith and fair dealing, defamation, tortious interference, and intentional infliction of emotional distress. In each case, Plaintiffs merely provide threadbare recitals of the elements of the cause of action supported by mere conclusory statements. Plaintiffs fail in each and every instance to identify any specific Defendant or any specific fact or action that supports the elements of the alleged cause of action. Absent any well-pleaded facts, Plaintiffs' state law causes of action must each be dismissed for the failure to state a claim upon which relief may be granted.

### C. Malicious Prosecution

Plaintiff's first cause of action against the Defendants is for malicious prosecution for the filing and prosecution of the Adversary Proceeding in the Bankruptcy Court. *See Plaintiffs' Complaint*, ¶106. The cause of action must be dismissed because it is precluded by Plaintiffs' own allegations. An action for malicious prosecution requires evidence that the prior proceeding was terminated in the plaintiff's favor. *See Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex. 1996). The Adversary Proceeding was not terminated in Plaintiffs' favor, it was dismissed for lack of subject matter jurisdiction. *See Plaintiffs' Complaint*, ¶71. Where there has been no adjudication of the rights of the parties, such as a dismissal, there can be no termination in favor of one of the parties. *KT Bolt Mfg. Co. v. Texas Elec. Cooperatives, Inc.*, 837 S.W.2d 273, 275 (Tex. App.–Beaumont 1992, *writ denied*); *see also* Fed. R. Civ. P. 41(b)(dismissal for lack of jurisdiction not an adjudication on the merits). Regardless, even if dismissal could be the basis of a malicious prosecution claim, both the Adversary Plaintiffs and the Armendariz Parties had their claims dismissed and that cannot be said to favor one party over the other. The Adversary Proceeding was not terminated in Plaintiffs' favor either logically or legally. Plaintiffs have failed to state a plausible

claim for malicious prosecution and that cause of action must be dismissed.

### D.  *Quantum Meruit*

Plaintiffs also assert a cause of action under the doctrine of quantum meruit for the recovery of the monies Plaintiffs allegedly loaned to the Defendants.  This claim must be dismissed because under Texas Law, "[a] loan of money is not the type of benefit that allows a claim for equitable relief on a quantum meruit theory."  *Cristobal v. Allen*, 2010 WL 2873502 (Tex. App.–Hous. [1st Dist.] July 22, 2010, *no pet.*)(*citing Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944-45 (Tex.1990); *cf. La Sara Grain Co. v. First Nat'l Bank*, 673 S.W.2d 558, 567 (Tex. 1984)(holding that pure extension of credit does not constitute "goods or services," and therefore borrower in this transaction will not qualify as consumer under Deceptive Trade Practices Act); *see also Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)(to recover under the doctrine of quantum meruit, a plaintiff must establish that valuable services and/or materials were furnished). In this case, Plaintiffs have alleged that they loaned money to Defendants, which cannot be the basis of a claim for quantum meruit.  Plaintiffs' action for quantum meruit against Defendants must therefore be dismissed.[5]

### E.  *Conversion*

Plaintiffs also assert a cause of action for conversion on the grounds that the Defendants "fail[ed] and/or refus[ed] to pay certain oral and written debts."  *See Plaintiffs' Complaint*, ¶112. Under Texas law, an obligation that can be discharged by the payment of money generally (as opposed to a specific chattel like old coins) is not personal property that can be converted.  *Fowler*

---

[5]It should be noted that the Bankruptcy Court previously dismissed the claims of Armando and Yvette Armendariz for quantum meruit on these same allegations for the failure to state a claim.  Defendants will address the Plaintiffs' attempt to relitigate their claims in a motion for summary judgment, if necessary.

*v. U.S. Bank, Nat. Ass'n*, 2014 WL 850527, *11 (S.D. Tex. Mar. 4, 2014); *Mitchell Energy Corp. v. Samson Res. Co.*, 80 F.3d 976, 984 (5ᵗʰ Cir. 1996). As Plaintiffs' claim for conversion is based upon the payment of a debt, Plaintiffs have not stated a claim for conversion under Texas law. Plaintiffs' claim for conversion must be dismissed.

### F.  Fraud by Nondisclosure

Plaintiffs also assert a cause of action for fraud by non-disclosure. A cause of action for fraud by non-disclosure requires a showing that the defendant had a duty to disclose information. *BP Am. Prod. Co. v. Marshall,* 288 S.W.3d 430, 446 (Tex.App.–San Antonio 2008), *rev'd on other grounds*, 342 S.W.3d 59 (Tex. 2011). A duty to disclose arises when: (1) there is a fiduciary or other special relationship requiring disclosure; (2) when one voluntarily discloses information, he has a duty to disclose the whole truth; (3) when one makes a representation, he has a duty to disclose new information when he knows the new information makes the earlier representation misleading or false; and (4) when one makes a partial disclosure and conveys a false impression, he has a duty to speak. *Id.* In this case, Plaintiffs fail to plead any facts showing a fiduciary or other special duty owed by any of the Defendants to any of the Plaintiffs, the voluntary disclosure of any information, the existence of new information that made an earlier representation misleading or false, or a partial disclosure that conveyed a false impression. Absent such well-pleaded facts, Plaintiffs' claim for fraud by non-disclosure must be dismissed for the failure to state a claim.

### G.  Fraud in a Real Estate Transaction

Plaintiffs also assert a cause of action for fraud by in a real estate transaction under Texas Business and Commerce Code Chapter 27. Plaintiffs' Complaint, ¶ 116. Chapter 27 of the Texas Business and Commerce Code only applies to transactions involving the sale of land or stock. *See,*

*e.g., Nolan v. Bettis*, 577 S.W.2d 551, 555-56 (Tex.Civ.App.–Austin 1979, *writ ref'd n.r.e.*); *Baskin*

*v. Mortgage & Trust, Inc.*, 837 S.W.2d 743, 749 (Tex.App.–Houston 1992, *writ denied*).  Plaintiffs

do not allege that any Defendant was involved in the sale of any real property or stock with any

Plaintiff.  Plaintiffs have therefore failed to plead a cause of action for fraud in a real estate

transaction and their claim must be dismissed.

### H.  Negligence, Gross Negligence, Breach of Fiduciary Duty, and Breach of Duty of Good Faith and Fair Dealing

Actions for negligence, breach of fiduciary duty and breach of the duty of good faith and fair

dealing each require the existence of legal, fiduciary or special duty.  *Nabors Drilling, U.S.A., Inc.*

*v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009)(negligence); *Priddy v. Rawson*, 282 S.W.3d 588, 599

(Tex. App.–Houston[14th Dist.] 2009, *pet denied*)(fiduciary duty); *City of Midland v. O'Bryant*, 18

S.W.3d 209, 215 (Tex. 2000)(good faith and fair dealing).  Plaintiffs have plead no facts that would

allow this Court to infer the existence of a legal, fiduciary or special duty owed by any of the

Defendants to any of the Plaintiffs.  Plaintiffs have therefore failed to state a claim upon which relief

may be granted and these causes of action must be dismissed.

### I.  Defamation

Plaintiffs also allege a cause of action for Defamation against all of the Defendants based

upon (1) statements made in the Adversary Proceeding Complaint and in the prosecution thereof;

(2) statements made by the El Paso Times wherein they reported on the Adversary Proceeding

Complaint; (3) statements made to the Texas Workforce Commission; and (4) statements allegedly

made in May 2012 to Paso Del Norte School.  Plaintiffs' defamation claims must be dismissed

because the alleged statements are either subject to the absolute privilege for statements made in a

judicial or quasi-judicial proceeding or facially barred by limitations.

"As a matter of law, communications made during a court's proceedings are absolutely privileged and are immune from an action alleging defamation or invasion of privacy." *McLean v. Int'l Harvester Co.*, 817 F.2d 1214, 1220 (5th Cir. 1987). "Any communication, oral or written, uttered or published in the due course of a judicial proceeding is absolutely privileged and cannot constitute the basis of a civil action in damages for slander or libel. The absolute privilege extends to any statement made by the judge, jurors, counsel, parties or witnesses, and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits and any of the pleadings or other papers in the case." *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 644 (N.D. Tex. 2007)(*citing Reagan v. Guardian Life Ins. Co.*, 166 S.W.2d 909, 912 (1942); *James v. Brown*, 637 S.W.2d 914, 916-17 (Tex. 1982). The absolute privilege extends to publication of information involving judicial proceedings by the news media. *See, e.g., Hill v. Herald-Post Publ'g Co., Inc.*, 877 S.W.2d 774, 782-84 (Tex.App.–El Paso 1994), *rev'd in part on other grounds*, 891 S.W.2d 638, 639 (Tex.1994)(privilege applies to delivery of pleadings in pending litigation to the news media); *Dallas Indep. Sch. Dist. v. Finlan*, 27 S.W.3d 220, 238-40 (Tex.App.–Dallas 2000, *pet denied*)(privilege applies to press release to news media describing suit and allegations). The absolute privilege also applies to statements made to parties not involved in a judicial proceeding if the statements bear some relation to the proceeding. *See, e.g., Daystar Residential, Inc. v. Collmer*, 176 S.W.3d 24, 28 (Tex. App.–Houston [1st Dist.] 2004, *writ denied*)(privilege applies to statements made in contemplation of and preliminary to suit). The privilege also applies to statements made to the Texas Workforce Commission by statute. Texas Labor Code § 301.074; *Hardwick v. Houston Lighting & Power Co.*, 881 S.W.2d 195, 198 (Tex.

App.–Corpus Christi 1994, *writ dism'd w.o.j.*).  "[T]he issue of absolute privilege is properly raised by a motion to dismiss."  *50-Off Stores, Inc. v. Banque PARIBAS (Suisse) S.A*, 1997 WL 790739, *6 (W.D. Tex. 1997).

In this case, each of the alleged defamatory statements is subject to the absolute judicial proceeding privilege.  Plaintiffs are well aware of this as the Bankruptcy Court dismissed the same allegations regarding the Adversary Proceeding and Paso del Norte School for failure to state a claim.  Moreover, even if the statements were not privileged and not subject to collateral estoppel, Plaintiffs allege that the statements to Paso Del Norte School were made in April and May of 2012.[6] Since the statute of limitations on a claim for defamation is one year, this claim is subject to limitations on its face.  TEX. CIV. PRAC. & REM. CODE §16.002(a).  Plaintiffs have failed to state a plausible claim for defamation for which they can recover and this claim must be dismissed.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants pray that this Court grant their Motion to Dismiss, dismiss all of the claims asserted by Plaintiffs in their Original Complaint, and grant them such other and further relief to which they may be entitled.

---

[6]To the extent Plaintiffs' claims rely on statements for which they have provided no specific publication date, place, statement, or speaker, their claim must be dismissed for failure to plead with specificity.  *Nelson v. Lowes Home Centers, Inc.*, 2012 WL 3731092, *2 (N.D. Tex. August 29, 2012)(citing *Jackson v. Dallas Indep. Sch. Dist.*, 1998 WL 386158, at *5 (N.D.Tex. July 2, 1998); *Ameen v. Merck & Co.*, 226 F. App'x 363, 370 (5th Cir.2007)); *see also Hernandez v. Wal-Mart Associates, Inc.*, 2006 WL 2883080, *4 (W.D. Tex. Sept. 19, 2006)(citing, *inter alia*, 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §1309 at 698 (2d ed.1990)(noting that several courts have adopted a higher requirement for pleading defamation claims); *Garrett v. Celanese Corp.*, 2003 WL 22234917, *4 (N.D.Tex.2003)(stating that a defamation claim must specifically state the time and place that the statement was published and concluding that, by failing to do so, the plaintiff had "hardly present[ed] facts tending to show the elements of a defamation claim.")

Respectfully submitted,

JAMES & HAUGLAND, P.C.
P.O. Box 1770
El Paso, Texas 79949-1770
Phone:  915-532-3911
FAX:  (915) 541-6440

By:    _____
       Corey W.  Haugland
       State Bar No.  09234200
       Attorney for Defendants


### CERTIFICATE OF SERVICE

I, Corey W.  Haugland, hereby certify that on the 6th day of January, 2015, I electronically filed the foregoing Defendant's Motion to Dismiss Plaintiff's Original Complaint with the Clerk of the Court using the CM/ECF System, which will give notice of the filing of this instrument to:

Michael R. Nevarez
5915 Silver Springs Drive
Bldg. 6, Suite B
El Paso, Texas 79912


_____
Corey W.  Haugland